# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff-Respondent, ) <br> ) <br> vs. ) <br> ) <br> CLINTON LEE CRAWFORD, ) <br> ) <br> Defendant-Movant. ) | Case No. CR-97-92-M <br> (CIV-16-752-M) |

## ORDER

Defendant-Movant Clinton Lee Crawford ("Crawford"), a federal prisoner, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on June 30, 2016. On August 22, 2016, Crawford filed a supplement to his § 2255 motion. On October 27, 2016, plaintiff-respondent United States of America filed its response.

I.  Introduction

On May 20, 1997, the grand jury returned an Indictment charging Crawford with attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 2); and possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (Count 3). Pursuant to a plea agreement, Crawford pled guilty to the Indictment.

On October 9, 1997, the United States Probation Office released its revised presentence investigation report ("PSR"). The PSR noted that Crawford had three New Mexico state convictions for robbery with a deadly weapon and that Crawford had three Oklahoma state convictions for robbery with a firearm. As a result, the PSR recommended treating Crawford as an armed career criminal and recommended an offense level of 34, a total offense level of 31, a criminal history category of VI, and a guideline range of 188-235 months of imprisonment.

Crawford did not object to the PSR. On December 29, 1997, the Court sentenced Crawford to 215 months of imprisonment as to Counts 1 and 3, to run concurrently with each other, and 60 months of imprisonment as to Count 2, to run consecutively with Counts 1 and 3. Crawford did not appeal the Court's judgment or sentence.

II.  Discussion

In his § 2255 motion and supplement, Crawford asserts the following grounds for relief: (1) his conviction for Count 2 of the Indictment, possession of a firearm in furtherance of a crime of violence, should be vacated because attempted Hobbs Act robbery is not a crime of violence, and (2) his designation as an armed career criminal under 18 U.S.C. § 924(e) should be vacated because his state convictions for robbery do not qualify as violent felonies under the Armed Career Criminal Act ("ACCA").

A.  Count 2

Crawford asserts that his conviction and sentence for possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1) should be vacated because under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), attempted Hobbs Act robbery is no longer a crime of violence. In *Johnson*, the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. However, the Supreme Court held that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*[1]

18 U.S.C. § 924(c)(3) defines "crime of violence" as follows:

---

[1] The ACCA also defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

2

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and –
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Assuming, without deciding, that the *Johnson* decision invalidates 18 U.S.C. § 924(c)(3)(B), the Court finds that attempted Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)'s force clause. Under the Hobbs Act, it is a crime for any person to attempt to obstruct, delay, or affect commerce by robbery. *See* 18 U.S.C. § 1951(a). The Hobbs Act defines "robbery" as follows:

> The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1). Thus, attempted Hobbs Act robbery has as an element the attempted use of physical force against the person or property of another and would be a "crime of violence" for purposes of 18 U.S.C. § 924(c)(3)(A). Numerous courts are in agreement and have held that Hobbs Act robbery is a crime of violence based on § 924(c)(3)(A)'s force clause. *See United States v. Hill*, 832 F.3d 135, 140-44 (2d Cir. 2016); *In re St. Fleur*, 824 F.3d 1337, 1340-42 (11th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016).

Accordingly, the Court finds that Crawford is not entitled to relief on this basis.

B. Robbery convictions

Crawford also asserts that in light of *Johnson*, he no longer qualifies for an enhancement under the ACCA.[2] The ACCA provides, in pertinent part:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> (2) As used in this subsection –
>    \*   \*   \*
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
>   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>   (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*; . . . .

18 U.S.C. § 924(e).[3] As set forth above, *Johnson* held the ACCA's residual clause was unconstitutional but did not call into question application of the ACCA to the four enumerated offenses, or the remainder of the ACCA's definition of a violent felony.

---

[2] Crawford also asserts that in light of *Johnson*, he no longer qualifies as a career offender under the Sentencing Guidelines. On March 6, 2017, the United States Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). The Supreme Court held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895. Thus, Crawford's challenge to his status as a career offender should be denied.

[3] The italicized language has come to be known as the ACCA's residual clause.

In the case at bar, three New Mexico state convictions for robbery with a deadly weapon and three Oklahoma state convictions for robbery with a firearm were used to find that Crawford was an armed career criminal under the ACCA.[4] Crawford's three Oklahoma robbery convictions were all for robbery with a firearm in violation of Okla. Stat. tit. 21, § 801. The Tenth Circuit has held that a conviction for robbery with a firearm under Okla. Stat. tit. 21, § 801 constitutes a "violent felony" under § 924(e)(2)(B)(i) of the ACCA. *See United States v. Gilbert*, No. 93-6390, 1994 WL 242221 at *2 (10th Cir. June 7, 1994). Accordingly, the Court finds that based upon the three Oklahoma robbery convictions, Crawford does qualify for an enhancement under the ACCA and, thus, is not entitled to relief on this basis.

III.  Evidentiary Hearing

As set forth above, Crawford's motion does not set forth a basis for relief from his conviction or sentence. Because that determination is conclusively shown from the motion, files, and record, the Court finds there is no need for an evidentiary hearing on this motion. *See* 28 U.S.C. § 2255; *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000).

IV.  Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Crawford's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 1st day of March, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[4] Because the three Oklahoma state convictions for robbery with a firearm are sufficient to apply the ACCA, the Court declines to address the three New Mexico state convictions for robbery with a deadly weapon.